UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>PURE DIGITAL TECHNOLOGY, INC.,<br><br>Defendant. | No. 08 Civ. 3627 (CM) (RLE)<br><br>**ANSWER AND COUNTERCLAIMS** |

Defendant Pure Digital Technologies, Inc. ("Pure") (mistakenly identified in the caption as Pure Digital Technology, Inc.) by and through its undersigned counsel, answer the Original Complaint for Patent Infringement ("Complaint") of Advanced Video Technologies, LLC ("AVT") as follows:

## I. ANSWER

1. Pure is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Pure admits that it is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 30 Maiden Lane, 6th Floor, San Francisco, California 94108.

3. Pure admits that AVT purports to allege an action arising under the patent laws of the United States, and also purports to allege that this Court has jurisdiction under the cited statute as pled in paragraph 3.

4. Pure admits the allegations in paragraph 4.

5. Pure admits that it is subject to personal jurisdiction in this Court with respect to the claims asserted in the Complaint.

6. Pure admits that United States Patent No. 5,781,788 ("the '788 patent") entitled "Full Duplex Single Chip Video Codec," on its face states that it was issued by the United States Patent and Trademark Office based on an application filed by Beng-Yu Woo, Xiaoming Li, and

51424/2566059.1

Vivian Hsiun, and that a copy of what appears to be the '788 patent is attached to the Complaint as Exhibit A. Pure is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 of the Complaint and therefore denies them.

7. Pure admits that the document attached to the complaint as Exhibit B on its face states that it is a Reexamination Certificate for the '788 patent that was issued by the United States Patent and Trademark Office on January 8, 2008. Pure is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

8. Pure admits that the document attached to the complaint as Exhibit B on its face states AVT is an assignee of the '788 patent. Pure is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 8 of the Complaint and therefore denies them.

9. Pure admits the allegations in paragraph 9.

10. Pure denies the allegations in paragraph 10.

11. Pure denies the allegations in paragraph 11.

12. Pure denies the allegations in paragraph 12.

13. Pure denies the allegations in paragraph 13.

## PRAYER FOR RELIEF

14. Pure denies that AVT is entitled to the relief it seeks or any relief at all from Pure.

## II. AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Pure alleges as follows:

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

15. AVT's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

16. Pure does not and has not infringed, and currently does not infringe, the '788 patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## THIRD AFFIRMATIVE DEFENSE: INVALIDITY

17. The claims of the '788 patent are invalid for failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH AFFIRMATIVE DEFENSE: EQUITABLE ESTOPPEL

18. Pure is informed and believes, and thereon alleges, that the relief sought by AVT is barred, in whole or in part, under the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

19. Pure is informed and believes, and thereon alleges, that the relief sought by AVT is barred under the doctrine of prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE: DEDICATION OF THE '788 PATENT

20. Pure is informed and believes, and thereon alleges, that the relief sought by AVT is barred because all embodiments not literally claimed in the '788 patent were dedicated to the public.

## III. COUNTERCLAIMS

1.  Pure counterclaims against AVT pursuant to the patent laws of the United States in Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States in 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

### PARTIES

2.  Pure is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in San Francisco, California.

3.  Upon information and belief, AVT is a corporation organized and existing under the laws of the State of New York with its principal place of business in Suffern, New York.

### JURISDICTION & VENUE

4.  These Counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the following declaratory judgment provisions, 28 U.S.C. §§ 2201 and 2202.

5.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over AVT because AVT established and maintains the requisite minimum contacts with the forum, because the Court's exercise of jurisdiction over AVT would not offend traditional notions of fair play and substantial justice, and because AVT subjected itself to the jurisdiction by filing suit in this Court.

7.  Venue arises under 28 U.S.C. §§ 1391(b) and 1400(b).

### EXISTENCE OF AN ACTUAL CONTROVERSY

8.  By virtue of the allegations of AVT's Complaint in this action and Pure's Answer thereto, an actual controversy exists between Pure and AVT as to whether the '788 patent is invalid, unenforceable and/or not infringed

## COUNT ONE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9. Pure incorporates the allegations of paragraphs 1-8 above as if fully set forth herein.

10. AVT claims to be the owner by assignment of all legal rights, title and interest in the '788 patent.

11. AVT asserts that Pure infringes Plaintiff's '788 patent. Pure denies these allegations.

12. Pure is not infringing and has not infringed any valid claim of the '788 patent, and AVT is entitled to no relief for any claim in the Complaint.

13. Pure seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that it does not infringe the '788 patent.

## COUNT TWO

## DECLARATORY JUDGMENT OF INVALIDITY

14. Pure incorporates the allegations of paragraphs 1 through 13 above as if fully set forth herein.

15. AVT, by its Complaint, contends that the '788 patent is valid and infringed by Pure.

16. Each and every claim of the '788 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and/or 112.

17. Pure seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 the '788 patent is invalid for failure to satisfy one or more conditions of patentability specified under United States patent law, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

## DEMAND FOR A JURY TRIAL

18. In accordance with Fed. R. Civ. P. 38, Pure demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Pure Digital Technologies, Inc. prays as follows:

a. Enter judgment against AVT and in favor of Pure on each of the claims set forth in the Complaint filed by AVT;

b. Dismiss the Complaint with prejudice;

c. Find and declare that the '788 patent is not infringed by Pure;

d. Find and declare that each of the claims of the '788 patent are invalid and/or unenforceable;

e. Find that this is an exceptional case and award Pure its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

g. Grant Pure such other and further relief as the Court shall deem just and proper.

Dated: July 10, 2008

QUINN, EMANUEL, URQUHART, OLIVER
& HEDGES LLP

By: /s/ Evette D. Pennypacker
Claude M. Stern, Esq. (*pro hac vice*)
claudestern@quinnemanuel.com
Evette D. Pennypacker, Esq. (*pro hac vice*)
evettepennypacker@quinnemanuel.com
Quinn, Emanuel, Urquhart, Oliver
& Hedges LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000

Joshua Furman, Esq.
joshuafurman@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I, Joshua Furman, hereby certify that on July 10, 2008 I caused to be served the Answer and Counterclaims via email to all counsel of record as indicated below:

Lerner, David, Littenberg, Krumholz & Mentlik, LLP
Orville Ricardo Cockings
Stephen F. Roth
600 South Ave West
Westfield, NJ 07090
(908)-654-5000

Stanley S. Zinner, P.C.
Stanley Steven Zinner
58 South Service Road
Suite 410
Melville, NY 11747
(631) 414-7730

*Attorneys for Plaintiff*

Dated: New York, New York
       July 10, 2008

Joshua Furman (JF9792)

51424/2566861.1