**Document Filed Electronically**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PURE DIGITAL TECHNOLOGY, INC.,<br><br>    Defendant. | No. 08 Civ. 3627 (CM) (RLB)<br><br>**PLAINTIFF ADVANCED VIDEO TECHNOLOGIES LLC'S REPLY TO DEFENDANT PURE DIGITAL TECHNOLOGY, INC.'S ANSWER AND COUNTERCLAIMS** |

    Plaintiff Advanced Video Technologies LLC ("Plaintiff") pleads as follows in response to defendant Pure Digital Technologies, Inc.'s [mistakenly identified in the caption as Pure Digital Technology, Inc.] ("Pure") counterclaims as set forth in paragraphs 1-17 of Pure's Answer and Counterclaims to Plaintiff's Complaint:

    1.    Plaintiff admits that Pure's counterclaims are purportedly brought pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

### Response to Allegations Re: PARTIES

    2.    Plaintiff admits the allegations of paragraph 2 of Pure's Counterclaims.

    3.    Plaintiff admits the allegations of paragraph 3 of Pure's Counterclaims.

### Response to Allegations Re: JURISDICTION & VENUE

    4.    Plaintiff admits that Pure's Counterclaims are purportedly brought pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the declaratory judgment provisions, 28 U.S.C. §§ 2201 and 2202.

    5.    Plaintiff admits that this Court has subject matter jurisdiction over Pure's Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

    6.    Plaintiff admits the allegations of paragraph 6 of Pure's Counterclaims.

905005_1.DOC

7. Plaintiff admits that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

**Response to Allegations Re: EXISTENCE OF AN ACTUAL CONTROVERSY**

8. Plaintiff admits filing a complaint on or about April 16, 2008, in this Court charging defendant Pure with infringement of U.S. Patent No. 5,781,788 ("the '788 Patent"), and that a substantial, actual, and continuing controversy exists between the Plaintiff and defendant Pure.

**COUNT ONE**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

9. Plaintiff repeats and incorporates by reference herein the entirety of paragraphs 1-8 above as if fully set forth herein.

10. Plaintiff admits that it is the owner by assignment of all legal rights, title, and interest in the '788 Patent.

11. Plaintiff admits that Plaintiff's Complaint asserts that Pure infringes the '788 Patent, but denies the remaining allegations of paragraph 11 of Pure's Counterclaims.

12. Plaintiff denies the allegations of paragraph 12 of Pure's Counterclaims.

13. Plaintiff admits that Pure's counterclaim seeks a declaration of noninfringement pursuant to 28 U.S.C. §§ 2201 and 2202, but denies the basis of that claim and by reference thereto, denies the remaining allegations of paragraph 13 of Pure's Counterclaims.

**COUNT TWO**

**DECLARATORY JUDGMENT OF INVALIDITY**

14. Plaintiff repeats and incorporates by reference herein the entirety of paragraphs 1-13 above as if fully set forth herein.

15. Plaintiff admits the allegations of paragraph 15 of Pure's Counterclaims.

16. Plaintiff denies the allegations of paragraph 16 of Pure's Counterclaims.

905005_1.DOC

17. Plaintiff admits that Pure seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '788 Patent is invalid for failure to satisfy one or more conditions of patentability specified under 35 U.S.C. §§ 101, 102, 103, and/or 112, but denies the basis of that claim and by reference thereto, denies the remaining allegations of paragraph 17 of Pure's Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. An order dismissing Pure's Counterclaims with prejudice and denying the relief requested in Pure's Answer and Counterclaims to Plaintiff's Complaint;

B. An order for attorney fees and costs associated with Plaintiff's responses to Pure's Answer and Counterclaims to Plaintiff's Complaint, including attorney fees and costs pursuant to 35 U.S.C. § 285; and

C. Such other and further relief as this Court deems necessary and just.

Respectfully submitted,

Dated: August 4, 2008

By: /s Orville R. Cockings
Stephen F. Roth, Esq.
Orville R. Cockings, Esq.
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, New Jersey 07090
Telephone: (908) 654-5000

Stanley S. Zinner, Esq.
STANLEY S. ZINNER, P.C.
58 South Service Road, Suite 410
Melville, New York 11747
Telephone: (631) 414-7730

ATTORNEYS FOR PLAINTIFF